UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14005-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEON MCNEIL ROBERTS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.    I convened a hearing to permit the Defendant to change his plea in this criminal case on June 28, 2021. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Defendant also acknowledged his signature on a written Consent to Appear by Video Teleconference Form that has been filed in the record in this case. (DE 27). Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

2. Next, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. (DE 26). I reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant pleaded guilty to Count Three of the Indictment, which charges him with distribution of five (5) grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii). In exchange for the Defendant's guilty plea, the United States Attorney's Office agreed to dismiss all remaining counts of the Indictment as to this Defendant after sentencing.

5. I reviewed with the Defendant the mandatory minimum penalties and maximum penalties applicable to Count Three. The Defendant acknowledged that he understood the mandatory minimum and maximum penalties that could be imposed in his case.

6. The parties agree in the Plea Agreement to jointly recommend that the Court find at sentencing that the quantity of methamphetamine (actual) involved in the offense, and attributable to the Defendant, for purpose of Section 2D1.1(a) and (c), is at least 50 grams but less than 150 grams. I explained to the Defendant that, although the parties may agree to make this recommendation, it is not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

7. The Plea Agreement contains an appeal waiver in which Defendant waives his right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to Defendant. Defendant acknowledged that he understands the appeal waiver, has discussed it with his attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, he has waived or given up his right to appeal. As a result, I recommend to the District Court that Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

8. The parties submitted a written Stipulation of Facts and Acknowledgment of Offense Elements in Support of Guilty Plea (Stipulation) which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. (DE 25). The Stipulation was read into the record and will be filed in this case. The Defendant acknowledged that he signed the Stipulation, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that the Stipulation accurately sets forth the facts in his case as he understands them to be. I find that the Stipulation sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Count Three freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Count Three as charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the plea cannot be further delayed without serious harm to the interests of justice; that Defendant's plea of guilty to Count Three of the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>28th</u> day of June, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE